MARK D. LONERGAN (State Bar No. 143622)
EDWARD R. BUELL III (State Bar No. 240494)
FRANK H. KIM (State Bar No. 264609)
fhk@severson.com
SEVERSON & WERSON
A Professional Corporation
One Embarcadero Center, Suite 2600
San Francisco, CA 94111
Telephone: (415) 398-3344
Facsimile: (415) 956-0439

Attorneys for Defendant
WELLS FARGO BANK, N.A.

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDDIE HINOJOSA, | Case No.: 5:12-cv-00483 HRL |
| Plaintiff, | **DEFENDANT WELLS FARGO BANK, N.A.'S MOTION TO DISMISS COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF** |
| vs. | |
| WELLS FARGO BANK, N.A., organized and existing under laws of the United States, FIRST AMERICAN TRUSTEE SERVICING SOLUTIONS, LLC, is organized and existing under the laws of the State of Texas, | Date        June 5, 2012<br>Time:        10:00 a.m.<br>Courtroom:   2, 5th Floor<br>Judge:       Hon. Howard R. Lloyd |
| Defendants. | Complaint Date: January 30, 2012 |

55000.0250/2195423.1

TO ALL PARTIES AND TO THEIR ATTORNEYS OF RECORD:

     PLEASE TAKE NOTICE that on June 5, 2012, at 10 a.m., or as soon thereafter as the matter may be heard before the Honorable Howard R. Lloyd in Courtroom 2 of the United States District Court for the Northern District of California located at 280 South First Street, San Jose, California 95113, Defendant Wells Fargo Bank, N.A., will move this court for an order dismissing the Complaint of Plaintiff Eddie Hinojosa, on the grounds that the Complaint and each of its purported causes of action fail to state any legally cognizable claim upon which relief may be granted against Defendant

DATED:  April 24, 2012

SEVERSON & WERSON
A Professional Corporation


By: _____
                Frank H. Kim

Attorneys for Defendant
WELLS FARGO BANK, N.A.

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.**

**INTRODUCTION**

This is a wrongful foreclosure case. Plaintiff's entire case is based on the discredited theory that Wells Fargo Bank, N.A. ("Defendant" or "Wells Fargo") must "possess the note" in order to initiate foreclosure. And, his corollary allegation that transferring the note voids the security has no basis in law or fact.

Plaintiff fails to indicate that these defects can be cured by amendment. As such, the entire case should be dismissed with prejudice and without leave to amend.

**II.**

**FACTUAL ALLEGATIONS**

This motion can be decided by the facts appearing on the fact of the Complaint.

In 2006, Plaintiff obtained a $526,279 mortgage loan from Wells Fargo, which is secured by a Deed of Trust for the property located at 1222 Beckett Drive, San Jose, California. Compl. ¶¶ 7, 13-14. Plaintiff defaulted on the loan and a Notice of Default was recorded on the property. Compl. ¶ 18.

Plaintiff now brings this lawsuit to challenge Wells Fargo's authority to initiate foreclosure.

**III.**

**LEGAL STANDARD FOR MOTION TO DISMISS**

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) tests the sufficiency of the complaint. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). Dismissal is warranted under Rule 12(b)(6) where the complaint lacks a cognizable legal theory, or where it presents a cognizable legal theory yet fails to plead essential facts to support that theory. *Neitzke v. Williams*, 490 U.S. 319, 326 (1989).

A court is not required to "accept legal conclusions cast in the form of factual allegations if those conclusions cannot reasonably be drawn from the facts alleged." *Clegg v. Cult Awareness Network*, 18 F.3d 752, 754-55 (9th Cir. 1994). While all material allegations must be taken as true, "conclusory allegations without more are insufficient to defeat a motion to dismiss for failure to

1  state a claim." *McGlinchy v. Shell Chem. Co.*, 845 F.2d 802, 810 (9th Cir. 1988).

2  Although a *pro se* litigant may be entitled to leeway when a court construes his pleadings,

3  those pleadings nonetheless "must meet some minimum threshold in providing defendant with

4  notice of what it is that it allegedly did wrong." *Brazil v. United States Dep't of Navy*, 66 F.3d 193,

5  199 (9th Cir. 1995).  Absent the minimum pleading threshold, a court can and should dismiss the

6  Complaint.  *See id.*

7  **IV.**

8  **THE ENTIRE COMPLAINT IS BASED ON LEGAL THEORIES THAT HAVE
   UNIFORMLY BEEN REJECTED**

9

10  The entire complaint suffers from a fatal defect that cannot be cured by amendment.

11  Plaintiff alleges that Wells Fargo must demonstrate possession of the original note in order to

12  initiate foreclosure.  He also alleges that transferring the note voids the security.  Both theories

13  have been uniformly rejected by California courts.

14  **A.    Plaintiff May Not Sue To Determine If Defendants Have The Right To Foreclose**

15  Plaintiff alleges that he is "unsure as to whether the lender still possesses the original

16  promissory note, upon which the lender claims the right to foreclose."  Compl. ¶ 20.  According to

17  him, Wells Fargo "have failed to provide a debt instrument, (the Note) . . . [and therefore] have yet

18  to prove they have standing to enact the deed of trust and foreclose on plaintiff's property."

19  Compl. ¶¶ 22-23.  This allegation cannot state a valid cause of action under any possible legal

20  theory.

21  First, borrowers cannot challenge the foreclosure process with allegations "on information

22  and belief" without alleging the facts leading them to believe that the facts are true.  *Fontenot v.*

23  *Wells Fargo Bank, N.A.*, 198 Cal.App.4th 256, 271 (2011) (noting the burden is on borrowers to

24  affirmatively plead facts demonstrating the impropriety and the resulting prejudice).  Therefore,

25  Plaintiff's admission that "he is unsure as to whether the lender still possesses the original

26  promissory note" – without more – cannot support a claim.

27  Second, California law does not require possession of the note as a precondition to non-

28  judicial foreclosure.  *Gomes v. Countrywide Home Loans, Inc.*, 192 Cal.App.4th. 1149, 1152

55000.0250/2195423.1                                     3

1  (2009) ("Nothing in the statutory provisions establishing the nonjudicial foreclosure process

2  suggests that such a judicial proceeding is permitted or contemplated.").  As such, Wells Fargo's

3  failure to demonstrate possession of the note cannot serve as the basis for challenging its authority

4  to foreclose.  Therefore, even if Plaintiff's allegation was true, he still cannot state a cause of action

5  for this additional reason.

6  **B.     Transferring The Note Does Not Void The Security**

7         Plaintiff also alleges that because "Wells Bank caused the note to be sold over and over to

8  different investors . . . [t]he Note and Deed are separated."  Compl. ¶ 15.

9         However, he fails to offer any facts to explain why the note was transferred apart from the

10  security.  *Cf. Domarad v. Fisher & Burke, Inc.*, 270 Cal.App.2d 543, 554 (1969) (where the

11  beneficial interest in the note and deed of trust were assigned to two different assignees).  In fact, it

12  is well-established that when a secured note is transferred, "transfer of the note carries with it the

13  security, without any formal assignment or delivery, or even mention of the latter."  *Carpenter v.*

14  *Longan*, 83 U.S. 271, 274 (1982); *Lewis v. Booth*, 3 Cal.2d 345, 349 (1935) ("An assignment of the

15  note carries the mortgage with it.").  Therefore, Plaintiff's allegation that the note was "sold over

16  and over to different investors" – without more – fails to establish that the security became

17  separated from the note.  Compl. ¶ 15; *see also* Cal. Civ. Code § 2936 ("The assignment of a debt

18  secured by mortgage carries with it the security.").

19         As such, Plaintiff cannot challenge Wells Fargo's authority to initiate foreclosure based on

20  the transfer of the note alone.

21                                           **V.**

22  **MOREOVER, ALL OF THE CLAIMS AGAINST WELLS FARGO ARE**
                        **DEFECTIVE AS PLED**

23

24  **A.     Plaintiff's Claim For Quiet Title Fails**

25         Plaintiff's third cause of action is for declaratory relief.  In a quiet title action, recovery

26  must be based on the strength of plaintiff's title, rather than on the weakness of defendant's title.

27  Cal. Code Civ. Proc. § 761.020(b); *Ernie v. Trinity Lutheran Church*, 51 Cal.2d 702, 706 (1959).

28  Here, Plaintiff has not alleged any facts that demonstrate his superior title.  *Hines v. Hubble*, 144

1   Cal.App.2d 830, 831 (1956).  To the contrary, the entire Complaint seeks to undermine Wells

2   Fargo's interest in the subject property.

3        Moreover, Plaintiff cannot quiet title as a matter of law because he fails to allege that he has

4   tendered, or is able to tender, the amount borrowed.  *See* 4 Miller & Starr, Cal. Real Estate

5   § 10:212, pp.686-87 (3d ed. 2003); *Karlsen v. American Sav. & Loan Ass'n*, 15 Cal.App.3d 112,

6   117 (1971).  A trustor cannot "quiet title without discharging his debt.  The cloud upon his title

7   persists until the debt is paid."  *Aguilar v. Bocci*, 39 Cal.App.3d 475, 477 (1974) (citation omitted).

8   Thus, Plaintiff cannot quiet title for this additional reason.

9   **B.     Plaintiff's Claim For Injunctive And Declaratory Relief Fails**

10       Plaintiff's first and second causes of action are for declaratory and injunctive relief,

11  respectively.  Both causes of action fail to state a valid claim.

12       Before granting declaratory relief, the Court must first find that an actual case or

13  controversy within its jurisdiction exists.  *Principal Life Ins. Co. v. Robinson*, 394 F.3d 665, 669

14  (9th Cir. 2005).  Plaintiff's claim for declaratory relief is based on the allegation that Wells Fargo

15  lacks authority to initiate foreclosure.  *See* Compl. ¶¶ 24-29.  Because these allegations are

16  duplicative of Plaintiff's claim to quiet title, Plaintiff has not sufficiently alleged an actual

17  controversy that would entitle him to declaratory relief.  *See Permpoon v. Wells Fargo Bank Nat'l*

18  *Ass'n*, 2009 WL 3214321, at *5 (S.D. Cal. 2009) (dismissing declaratory judgment claim, where

19  claim was duplicative of other invalid claims).

20       Plaintiff's claim for injunctive relief also fails since "injunctive relief is a remedy, not a

21  claim."  *Ngoc Nguyen v. Wells Fargo Bank, N.A.*, 749 F.Supp.2d 1022, 1038 (N.D. Cal. 2010) ("to

22  the extent that Plaintiffs have not otherwise stated a claim for relief against these Defendants, they

23  are not entitled to injunctive relief").  Plaintiff cannot seek this remedy without alleging a valid

24  underlying claim.  Therefore, for the reasons stated above, Plaintiff is not entitled to injunctive

25  relief.

26  **VI.**

27  **CONCLUSION**

28       Plaintiff's Complaint is composed entirely of conclusory allegations that do not state an

1    actionable claim.  Therefore, Wells Fargo requests that the Motion to Dismiss be sustained without

2    leave to amend.

3

4    DATED:  April 24, 2012                    SEVERSON & WERSON
                                               A Professional Corporation
5

6
                                               By: _____/s/ *Frank H. Kim*_____
7                                                            Frank H. Kim

8                                              Attorneys for Defendant
                                               WELLS FARGO BANK, N.A.
9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**CERTIFICATE OF SERVICE**
*Eddie Hinojosa v. Wells Fargo Bank, N.A., et al.*
United States District Court, Northern District of California Case No. 5:12-cv-00483-HRL

At the time of service, I was over 18 years of age and not a party to this action. I am employed in the County of San Francisco, State of California. My business address is One Embarcadero Center, Suite 2600, San Francisco, CA 94111.

On April 24, 2012, I served true copies of the following document(s) described as

**DEFENDANT WELLS FARGO BANK, N.A.'S MOTION TO DISMISS COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**

**[PROPOSED] ORDER GRANTING DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

on the interested parties in this action as follows:

Eddie Hinojosa                          ***Plaintiff in Pro Se***
1222 Beckett Drive                      Telephone:  None Provided
San Jose, CA  95121

**BY MAIL:** I enclosed the document(s) in a sealed envelope or package addressed to the persons at the addresses listed in the Service List and placed the envelope for collection and mailing, following our ordinary business practices. I am readily familiar with Severson & Werson's practice for collecting and processing correspondence for mailing. On the same day that the correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on April 24, 2012, at San Francisco, California.


Juli Carter

55000.0250/2195423.1

1

PROOF OF SERVICE
Case No.:  5:12-cv-00483-HRL