UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDDIE HINOJOSA, | No. C-12-0483 EMC |
| Plaintiff, | **ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS** |
| v. | |
| WELLS FARGO BANK, *et al.*, | **(Docket Nos. 10, 13)** |
| Defendants. | |
| _____/ | |

## I. INTRODUCTION

Plaintiff Eddie Hinojosa filed a *pro se* complaint against Wells Fargo Bank, N.A. ("Wells Fargo"), and First American Trustee Servicing Solutions, LLC ("First American"). Compl., Docket No. 1. Plaintiff also filed an application to proceed *in forma pauperis* ("IFP"), Docket No. 2, which the Court granted on February 10, 2012, Docket No. 4. Defendants have each filed motions to dismiss. Docket Nos. 10 (Wells Fargo), 13 (First American). Plaintiff has filed no opposition. For the reasons set forth below, the Court **GRANTS** Defendants' motions to dismiss with prejudice.

## II. FACTUAL & PROCEDURAL BACKGROUND

On April 19, 2006, Plaintiff executed a promissory note in favor of Wells Fargo, secured by a deed of trust to a property in San Jose, CA, which was recorded on April 25, 2006. Compl. ¶¶ 13-14; Defendant First American's Request for Judicial Notice ("RJN"), Docket No. 14, Ex. A.[1]

---

[1] The Court **GRANTS** Defendant's requests for judicial notice as they attach judicially noticeable documents under Rule 201 such as the deed of trust, notice of default, substitution of trustee, and corporate assignment of the deed of trust. *See* Fed. R. Evid. 201(b); *Gamboa v. Tr. Corps*, 09-0007 SC, 2009 WL 656285, at *2-3 (N.D. Cal. Mar. 12, 2009) (taking judicial notice of recorded documents related to the foreclosure sale, including grant deed and deed of trust).

According to Defendant First American's documents, Plaintiff subsequently defaulted on the loan, and on May 19, 2011, a Notice of Default was recorded in Santa Clara County, with First American acting as agent for the beneficiary, Wells Fargo. *See id.* Ex. B. On June 3, 2011, a Substitution of Trustee was recorded substituting Defendant First American as the successor trustee. *Id.* Ex. C. On October 4, 2011, First American recorded a Notice of Trustee's Sale. *Id.* Ex. D. On January 6, 2012, a Corporate Assignment of the Deed of Trust was recorded. *Id.* Ex. E.

Plaintiff alleges that Wells Fargo separated the note from the deed of trust by selling it "over and over to different investors, . . . which cause[d] complete breach of contract of the Deed of trust." Compl. ¶ 15. Plaintiff made payments on his mortgage "until he reached a financial hardship." *Id.* ¶ 17. Plaintiff alleges he received a Notice of Intent to Foreclose, with Defendant First American acting as the new trustee. *Id.* ¶ 18. Plaintiff alleges that the beneficiary must physically possess the note and deed of trust in order to initiate foreclosure, that Defendants have refused to produce the note, and that Plaintiff has no proof of their authority and standing to foreclose. *Id.* ¶¶ 19-23. Plaintiff seeks declaratory relief, injunctive relief against the foreclosure, an order quieting title in Plaintiff's name, and damages.

## III. DISCUSSION

A. Motion to Dismiss

1. Legal Standard

A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint or counterclaim, facilitating dismissal to the extent the pleading fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). "Federal Rule of Civil Procedure 8(a)(2) requires only a 'short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the claim is and the grounds upon which it rests.'" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 554 (2007) (quoting Fed. R. Civ. P. 8(a)(2)). The pleading is construed in the light most favorable to the non-moving party and all material allegations in it are taken to be true. *Sanders v. Kennedy*, 794 F.2d 478, 481 (9th Cir.1986).

However, even under the liberal pleading standard of Federal Rule of Civil Procedure 8(a)(2), "a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than

labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986) (internal brackets and quotation marks omitted)). Hence, the Court need not assume unstated facts, nor will it draw unwarranted inferences. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950 (2009) ("Determining whether a complaint states a plausible claim for relief . . . [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense."); *Cousins v. Lockyer*, 568 F.3d 1063, 1067 (9th Cir. 2009); *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001) ("Nor is the court required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences.").

Under *Twombly*, a plaintiff (or counterclaimant) must not merely allege conduct that is conceivable but must instead allege "enough facts to state a claim to relief that is plausible on its face." 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S. Ct. at 1949 (citing *Twombly*, 550 U.S. at 556). "The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully. . . . When a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Id.* (quoting *Twombly*, 550 U.S. at 556-57) (internal quotation marks omitted). In sum, if the facts alleged foster a reasonable inference of liability – stronger than a mere possibility – the claim survives; if they do not, the claim must be dismissed. *See Iqbal*, 129 S. Ct. at 1949-50.

Ordinarily, a *pro se* complaint will be liberally construed and held to less stringent standards than formal pleadings drafted by lawyers. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). The *pro se* complaint will be dismissed only if it appears "beyond a reasonable doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Pena*, 976 F.2d at 471 (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). As the Ninth Circuit has recently clarified, courts "continue to construe pro se filings liberally when evaluating them under *Iqbal*. While the standard is higher, our 'obligation' remains, 'where the petitioner is pro se, particularly in civil rights cases, to construe the pleadings liberally and to afford the petitioner the benefit of any

3

doubt.'" *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (quoting *Bretz v. Kelman*, 773 F.2d 1026, 1027 n.1 (9th Cir. 1985) (en banc)). However, the Court may not "supply essential elements of the claim that were not initially pled." *Ivey v. Bd. of Regents of the Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982); *see also Ghazali v. Moran*, 46 F.3d 52, 54 (9th Cir. 1995) (per curiam) ("Although we construe pleadings liberally in their favor, pro se litigants are bound by the rules of procedure.").

### 2. Failure to State a Claim

In the instant case, Plaintiff's complaint fails to state a cognizable claim for relief. First, as this Court has previously held, "Plaintiff cannot sustain a claim for quiet title, wrongful foreclosure,[2] or any other cause of action based on Defendant's failure to produce the original note." *Castillo v. Wachovia Mortg.*, C-12-0101 EMC, 2012 WL 1213296, at *6 (N.D. Cal. Apr. 11, 2012) (citing *Tamburri v. Suntrust Mortg., Inc.*, C-11-2899 EMC, 2011 WL 6294472, at *10 (N.D. Cal. Dec. 15, 2011) ("As a preliminary matter, to the extent that Plaintiff's wrongful foreclosure claim is predicated on the foreclosing parties' failure to physically produce the note, Defendants are correct that she cannot state a viable claim on the basis of that theory. California law does not require a foreclosing entity to produce the note."); *Wootten v. BAC Home Loans Servicing, LLP*, No. 10-4946 LHK, 2011 WL 500067, at *7 (N.D. Cal. Feb.8, 2011) ("[U]nder California law, there is no requirement that a trustee produce the original promissory note prior to a non-judicial foreclosure sale.") (citations omitted)).

Second, Plaintiff cannot "maintain a claim based on any alleged securitization of the Note or separation of the Note from the Deed of Trust." *Castillo v. Wachovia Mortg.*, 2012 WL 1213296 at *6 (citing *Menashe v. Bank of New York*, CIV. 10-00306 JMS, 2012 WL 397437, at *18-19 (D. Haw. Feb. 6, 2012) (rejecting such claims and collecting cases concluding the same). Thus, any cause of action based on this legal theory fails.

---

[2] Although Plaintiff's complaint does not explicitly allege wrongful foreclosure, Defendant Wells Fargo construes the core of his complaint as a wrongful foreclosure action. To the extent Plaintiff intends to allege wrongful foreclosure based on the legal theories raised in his complaint, such a claim is deficient as explained above.

4

Third, Plaintiff has no viable cause of action merely "to determine whether the person initiating the foreclosure process is indeed authorized." *Tamburri*, 2011 WL 6294472 at *10 (quoting *Gomes v. Countrywide Home Loans, Inc.*, 192 Cal. App. 4th 1149, 1155 (2011)). While Plaintiff could theoretically allege a wrongful foreclosure action if he had "*specific factual basis* for alleging that the foreclosure was not initiated by the correct party," *Gomes*, 192 Cal. App. 4th at 1156 (emphasis in original), Plaintiff provides no such basis in his complaint and the documents provided by Defendants appear to preclude any grounds for alleging wrongful foreclosure. Although allegations in a complaint are generally accepted as true, a court "need not accept as true allegations contradicting documents that are referenced in the complaint or that are properly subject to judicial notice." *Lazy Y Ranch Ltd. v. Behrens*, 546 F.3d 580, 588 (9th Cir. 2008). Here, Plaintiff merely "assume[s]" Defendants lack authority to foreclose and seeks "proof of such authority," with no factual basis to contradict the judicially noticeable documents submitted by Defendants. *See* Compl. ¶¶ 20-23. Accordingly, Plaintiff provides no plausible claim for relief on this theory.

Fourth, as the Court has held in previous similar cases, "even if Plaintiff could allege that the wrong party foreclosed on [his] home, he would still have no cognizable quiet title claim because he has not alleged that he is the rightful owner of the property, *i.e.*, that he has satisfied his obligations under the deed of trust." *Castillo*, 2012 WL 1213296 at *7 (citing *Tamburri*, 2011 WL 6294472 at *15 ("The problem with Plaintiff's argument is that, even if the proper party did not initiate foreclosure, Plaintiff does not allege that she is the rightful owner as she admits that she is in default."); *Kelley v. Mortgage Elec. Registration Sys., Inc.*, 642 F. Supp. 2d 1048, 1057 (N.D. Cal. 2009) ("Plaintiffs have not alleged that they are the rightful owners of the property, *i.e.* that they have satisfied their obligations under the Deed of Trust. As such, they have not stated a claim to quiet title."); *Lee v. Aurora Loan Services*, No. C 09–4482 JF (HRL), 2010 WL 1999590, at *5 (N.D. Cal. May 18, 2010) ("A basic requirement of an action to quiet title is an allegation that plaintiffs 'are the rightful owners of the property, *i.e.*, that they have satisfied their obligations under the Deed of Trust.' ") (quotations omitted); *Shimpones v. Stickney*, 219 Cal. 637, 649, 28 P.2d 673 (1934) ("It is settled in California that a mortgagor cannot quiet his title against the mortgagee without paying the debt secured.")).

5

Thus, Plaintiff's only legal theories against Defendants are fatally deficient. Plaintiff therefore has no basis to claim declaratory or injunctive relief. *See Winding v. Cal–W. Reconveyance Corp.*, CV F 10–0041 LJO GSA, 2011 WL 221321, at *12 (E.D. Cal. Jan.24, 2011) ("In the absence of a viable claim, the complaint fails to support declaratory relief."); *id.* at *10 (noting same with respect to injunctive relief because "[i]njunctive relief is a remedy and not, in itself, a cause of action") (quoting *Shell Oil Co. v. Richter*, 52 Cal. App .2d 164, 168 (1942)).

Accordingly, the Court **GRANTS** Defendants motions to dismiss Plaintiff's complaint for failure to state a claim. Although this is Plaintiff's first complaint, dismissal with prejudice is warranted because Plaintiff cannot allege any cognizable claims. *See AE ex rel. Hernandez v. County of Tulare*, 666 F.3d 631, 636 (9th Cir. 2012) (district court may deny leave to amend when it would be futile). The Clerk shall enter judgment and close the file.

This Order disposes of Docket Nos. 10 and 13.

IT IS SO ORDERED.

Dated: August 13, 2012

_____
EDWARD M. CHEN
United States District Judge